UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X    04 CV 1143 (NG) (KAM)
FELICIA SPARKMAN, on behalf of herself
and all others similarly situated,

                        **Plaintiff,**

     **-against-**                                      **OPINION AND ORDER**

ZWICKER & ASSOCIATES, P.C.,

                        **Defendant.**
------------------------------------------------------------X

**GERSHON, United States District Judge:**

## BACKGROUND

Plaintiff commenced this lawsuit on March 18, 2004, on behalf of a putative class, seeking declaratory relief, injunctive relief, and statutory damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o. By order dated June 30, 2005, the court granted defendant's motion for summary judgment with respect to plaintiff's claims for declaratory and injunctive relief. *Sparkman v. Zwicker & Associates, P.C.*, 374 F. Supp. 2d 293, 298-99 (E.D.N.Y. 2005). Although plaintiff did not cross-move for summary judgment, the court, having afforded both parties an opportunity at oral argument to address whether entry of summary judgment in plaintiff's favor would be appropriate on any claim, granted summary judgment to plaintiff on her claims for statutory damages, awarding her $750. *Id.* at 300-02. Prior to the entry of judgment, no motion for class certification was made and no class was certified.

Pursuant to 15 U.S.C. § 1692k(a)(3)[1], plaintiff now seeks attorney's fees in the amount of

---

[1]The statute makes the defendant in an FDCPA lawsuit liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court" if the lawsuit is successful. 15 U.S.C. §

1

$10,200 and costs in the amount of $225. Defendant does not oppose the application for costs, but does oppose the application for attorney's fees.

**DISCUSSION**

As an initial matter, defendant argues that plaintiff's application for attorney's fees should be denied in its entirety because the time records submitted in support of it are summary records rather than records created contemporaneously with the work done by counsel. Summary records are acceptable, however, when, as here, they are based on contemporaneous records. *Cruz v. Local Union No. 3 of the International Brotherhood of Electrical Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994). Defendant also argues that plaintiff should be judicially estopped from seeking attorney's fees because she did not include any claim for attorney's fees in the schedules accompanying her August 12, 2004 petition for Chapter 7 bankruptcy. This argument is rejected for the same reasons that the court previously ruled that plaintiff was not judicially estopped from seeking statutory damages. *See Sparkman*, 374 F. Supp 2d at 299-300 ("[P]laintiff did not attempt to hide the claim from the trustee, nor deceive anyone with respect to the relief that she sought.").

The most useful starting point for determining the amount of reasonable attorney's fees is the number of hours expended on the litigation multiplied by a reasonable hourly rate. This calculation, referred to as the "lodestar amount," provides an objective basis on which to make an

---

1692k(a)(3). Once a violation of any provision of the FDCPA has been established, an award of reasonable attorney's fees and costs to the consumer is mandatory. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

initial estimate of the value of a lawyer's services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[2] The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id*. Where the evidence is inadequate, the district court may reduce the award accordingly.

Plaintiff arrived at the proposed lodestar amount of $10,200 by multiplying 23.4 hours of legal work by the hourly rate of $400 and then adding the product of 4.2 hours of travel time by the hourly rate of $200. Subject to the reductions described below, the records submitted by plaintiff's counsel are sufficient to establish the numbers of hours worked. With respect to the proposed rate of compensation, however, the only evidence submitted by plaintiff is an affirmation from plaintiff's attorney stating that "[t]he rate is consistent with charges to fee paying clients in the past for other similar work" and that "[t]he hourly rate used in compiling this lodestar is representative of rates charged by other attorneys in this field." These unsupported statements are insufficient to establish that $400 per hour is a reasonable rate in this case. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence– in addition to the attorney's own affidavits– that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). In recent decisions, district courts in this circuit have awarded attorney's fees at rates ranging from $200 to $250 per hour for experienced attorneys in FDCPA cases. *See Savino v. Computer Credit Inc.*, 990 F. Supp. 159, 169 (E.D.N.Y. 1998), *aff'd in relevant part*, 164 F.3d 81, 87 (2d Cir. 1998) ($200 per hour); *Laster v. Cole*, 2000 WL 863463, *2 (E.D.N.Y. Jun. 23, 2000) ($200 per hour); *Kapoor v. Rosenthal*, 269 F. Supp. 2d

---

[2]Although *Hensley* concerns an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, its principles are routinely applied in FDCPA cases. *See, e.g., Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995).

408, 415 (S.D.N.Y. 2003) ($225 per hour); *Pinkham v. Professional Claims Bureau, Inc.*, 367 F. Supp. 2d 338, 340 (E.D.N.Y. 2005) ($250 per hour); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 WL 1337442, *8 (S.D.N.Y. Jun. 6, 2005) ($200 per hour). As a result, the court concludes that $200 per hour is a reasonable rate for the legal work performed in this matter.

Calculation of the lodestar amount is only the first step in determining a reasonable award of attorney's fees. "There remain other considerations that may lead the district court to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434. The "most critical factor" in determining the reasonableness of a fee award is the degree of success obtained. *Id.* at 436; *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). Here, although plaintiff was successful on her claims for statutory damages, her claims for declaratory and injunctive relief failed, and no relief was granted to the putative class. Despite the limited degree of success obtained in this case, the time records submitted in support of plaintiff's application for attorney's fees do not distinguish between time spent on successful claims and time spent on unsuccessful claims. Moreover, the partial judgment in plaintiff's favor did not result from a motion by her counsel. At oral argument on defendant's motion for summary judgment, the parties agreed that no material facts were in dispute. When asked why plaintiff had not cross-moved for summary judgment, plaintiff's counsel stated that "[t]he only reason we have not moved is because we have not moved for class [certification] as of yet, although it is a year from the day of filing." In rendering its decision on defendant's motion, the court entered partial summary judgment in favor of plaintiff.

Other factors that a district court may consider in determining whether a fee request is reasonable include the time and labor required, the novelty and difficulty of the legal issues in the case, and the ability of the attorney. *See Hensley*, 461 U.S. at 430 n.3 (citing *Johnson v. Georgia*

4

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). Defendant has submitted copies of pleadings and briefs filed by plaintiff's counsel in earlier cases which show that much of the work done by plaintiff's counsel in this case was duplicative of work done in earlier cases. Not only was the complaint taken nearly verbatim from the complaint in an earlier suit filed by plaintiff's counsel, but substantial portions of the brief filed by plaintiff in opposition to defendant's motion for summary judgment were duplicated from earlier filed briefs. Furthermore, plaintiff's counsel was unprepared at oral argument to answer basic questions about the status of the case and delayed in moving the case forward.

A court may exclude excessive and unreasonable hours from a fee request by making an across-the-board reduction in the amount of hours. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Given the limited degree of plaintiff's success, the absence of any novel or difficult issues of law (evidenced by counsel's duplication of work from earlier filed lawsuits), and counsel's unpreparedness at oral argument, the court concludes that a 75 percent reduction in the amount of hours expended on legal work is appropriate. Accordingly, plaintiff is awarded attorney's fees for 5.85 hours of legal work at the rate of $200 per hour, as well as for 4.2 hours of travel time at the rate of $100 per hour, for a total award of $1,590.

Plaintiff has moved to strike from defendant's opposition to plaintiff's application for attorney's fees a survey of cases filed by plaintiff's counsel and an affidavit by an associate at defendant Zwicker & Associates, P.C. concerning the litigation practices of plaintiff's counsel. Since the court does not rely on these documents in rendering its decision on plaintiff's application for attorney's fees, the motion to strike is dismissed as moot.

## CONCLUSION

For the reasons set forth above, defendant is directed to pay plaintiff's reasonable attorney's fees in the amount of $1,590 and costs in the amount of $225. Further, plaintiff's motion to strike is dismissed as moot.

**SO ORDERED.**

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
February 27, 2006